**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TONYA TAYLOR,**           )<br>                                                      )<br>                    **Plaintiff,**      )<br>                                                      )<br>**v.**                                                )<br>                                                      )<br>**OSAWATOMIE STATE HOSPITAL, et al.,** )<br>                                                      )<br>                    **Defendants.**  )<br>_____) | **CIVIL ACTION**<br><br>**No. 07-2346-KHV** |

### ORDER

Tonya Taylor brings suit against Osawatomie State Hospital and several of its employees alleging violations of her Fourteenth Amendment substantive due process rights under 42 U.S.C. § 1983 and negligence under Kansas law. On August 3, 2007, plaintiff filed her complaint. See Complaint (Doc. #1). On December 14, 2007, Magistrate Judge David J. Waxse found that plaintiff had not yet served the summons and complaint on defendants and ordered her to show good cause in writing why the Court should not dismiss the action. See Notice And Order To Show Cause (Doc. #2). This matter comes before the Court on plaintiff's Response To Order To Show Cause (Doc. #3) filed December 27, 2007. For reasons stated below, the Court finds that plaintiff has shown good cause why her action should not be dismissed.

Rule 4(m), Fed. R. Civ. P., governs the time limit for service of process as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

By its express language, Rule 4(m) mandates an extension of time for service where plaintiff demonstrates good cause for her failure to comply with the 120-day deadline. Even without good

cause, however, this rule permits the Court discretion to grant plaintiff an extension of the 120-day period in lieu of dismissal.  Such an extension is particularly appropriate where defendant has not been prejudiced by the delay of service and the statute of limitations might bar any refiled action.  Mehus v. Emporia State Univ., 295 F. Supp.2d 1258, 1273-74 (D. Kan. 2004) (citing Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995)).

The complaint alleges that in August of 2005, a state court involuntarily committed plaintiff – a schizophrenic – to Osawatomie State Hospital.  During this commitment, one or more male patients sexually assaulted her.  In response to the Court's show cause order, plaintiff states that she continues to suffer from severe and persistent mental illness.  Plaintiff further explains that her attorney delayed serving defendants until she could confirm that she felt well enough to proceed with the case (i.e. to give a deposition and testify at trial).  She argues that her condition constitutes good cause for the failure to timely serve defendants.  The Court agrees.  See Kimbrough v. City of Cocoa, No. 6:05-cv-471-Orl-31KRS, 2006 WL 1643364, at *2 (M.D. Fla. June 6, 2006) (good cause exists where outside factor such as illness prevents service).

Even if the Court could not find good cause for plaintiff's failure to timely serve defendants, the factors identified above favor an extension of the 120-day period.  It appears that plaintiff's claims would now be barred by the two-year statute of limitations under Kansas law.  See K.S.A. § 60-513; see also Hamilton v. City of Overland Park, 730 F.2d 613, 614 (10th Cir. 1984) (applying two-year statute of limitations under K.S.A. § 60-513(a)(4) to Section 1983 claim); Resolution Trust Corp. v. Scaletty, 257 Kan. 348, 353, 891 P.2d 1110, 1114 (1995) (applying two-year statute of limitations under K.S.A. § 60-513(a)(4) to negligence claim).  On the other hand, the Court can discern no apparent prejudice to defendants in an extension of the deadline.  Under these

circumstances, the Court will extend the time for service under Rule 4(m).  Plaintiff shall serve the summons and complaint on each defendant no later than **March 21, 2008**.

**IT IS SO ORDERED.**

Dated this 19th day of February, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
