**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **TONYA TAYLOR,**        )<br>                                                       )<br>                     **Plaintiff,**          )<br>                                                       )<br>v.                                                     )<br>                                                       )<br>**OSAWATOMIE STATE HOSPITAL, et al.,**  )<br>                                                       )<br>                     **Defendants.**       )<br>_____)  | **CIVIL ACTION**<br><br>**No. 07-2346-KHV** |

**MEMORANDUM AND ORDER**

Tonya Taylor brings suit against Osawatomie State Hospital ("OSH") and OSH employees Brenda Dennis, Donna Darner, Gabriel Kneibler, Rosie Egidy and Norma Long, alleging violations of her Fourteenth Amendment substantive due process rights under 42 U.S.C. § 1983 and negligence and breach of fiduciary duty under Kansas law. This matter comes before the Court on the Motion To Dismiss By Defendant Osawatomie State Hospital (Doc. #9), Defendant Darner And Egidy's Motion To Dismiss (Doc. #11) and the Motion To Dismiss By Defendants Dennis, Kneibler And Long (Doc. #13), all filed May 27, 2008. Plaintiff has not responded.[1] For reasons stated below, the Court sustains the motions.

**Legal Standards**

Defendants seek dismissal of plaintiff's claims under Rules 12(b)(1) and (5), Fed. R. Civ. P. Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the pleading or factual attacks on the accuracy

---

[1] On June 18, 2008, the Court granted plaintiff an extension of time until July 9, 2008, to respond to defendants' motions to dismiss. See Order (Doc. #17). Because plaintiff has not done so, the Court considers the motions to be unopposed. See D. Kan. Rule 7.4.

of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In a facial challenge, the district court must accept the allegations of the pleading as true. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). As courts of limited jurisdiction, the law imposes a presumption against the jurisdiction of federal district courts, Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999), and such courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994).

Rule 12(b)(5) governs motions to dismiss for insufficient service of process. In opposing a motion to dismiss for insufficient service, plaintiff bears the burden to make a prima facie case that she has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants. Fisher v. Lynch, 531 F. Supp.2d 2153, 1260 (D. Kan. 2008). The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt. Id.

## Factual Background

The first amended complaint and record evidence are summarized as follows:

On August 3, 2005, plaintiff was involuntarily admitted to OSH, where doctors diagnosed her as psychotic, combative, delusional and occasionally non-responsive. OSH placed her in AC2, a housing unit for female patients. Under OSH policy, male patients are restricted from AC2 unless accompanied by hospital staff. After her admission, OSH locked plaintiff in an AC2 seclusion room for being disruptive and combative. At approximately 6:40 p.m. on August 3, 2005, hospital officials discharged plaintiff from the seclusion room. They did not move her from the seclusion room, because she was asleep or unconscious, but they unlocked the door to the room. At approximately

1:20 a.m. on August 4, 2005, hospital officials moved plaintiff to another AC2 seclusion room and locked the door.  At approximately 3:20 a.m. that morning, hospital officials discharged plaintiff from the second seclusion room, but again left plaintiff in the room because she appeared comatose and unconscious.[2]

At approximately 10:00 a.m. on August 4, 2005, hospital staff – including Donna Darner, OSH director of nursing, and Brenda Dennis, OSH nurse supervisor – gathered for a meeting in AC2. During this meeting, OSH mental health technicians Gabriel Kneibler, Rosie Egidy and Norma Long remained in the AC2 unit to supervise and care for patients.  At approximately 10:30 a.m., Darner observed two male patients in the AC2 unit.  One of them entered plaintiff's room while the other stood outside the door.  At approximately 10:40 a.m., Dr. Jo Ann Voyce saw the male patient standing outside plaintiff's room and asked him to leave the unit.  Soon thereafter, Dr. Voyce saw the second male patient exit plaintiff's room without his shirt.  Dennis – the AC2 supervisor at the time – reported at approximately 11:00 a.m. that after the two male patients left the unit, hospital staff found plaintiff lying on her left side, comatose and fully clothed with her jeans unbuttoned.  The two male patients later admitted having sexual contact with plaintiff.

In Counts I and II, plaintiff alleges that Darner and Dennis violated her substantive due process rights by failing to prevent the male patients from sexually assaulting her and failing to adequately train and supervise OSH staff.  In Counts III, IV and V, plaintiff alleges that Kneibler, Egidy and Long violated her substantive due process rights by deliberately failing to follow hospital procedure and policy regarding patient access to the AC2 unit.  Plaintiff further alleges that OSH

---

[2] Plaintiff does not repeat the allegation that hospital officials unlocked the door to the seclusion room once they discharged her from seclusion, but the Court assumes that they did.

-3-

breached the duty which it owed her by virtue of a special relationship (Count VI), the duty to control its patients (Count VII), and its fiduciary duty (Count VIII).

On March 20, 2008, by Federal Express, plaintiff mailed a summons and copy of the first amended complaint to each individual defendant at "Osawatomie State Hospital, Superintendent's Office, 500 State Hospital Drive, Osawatomie, KS 66064." The next day, OSH post office clerk Penny Evans received the Federal Express deliveries. She signed for the packages addressed to Darner, Dennis, Egidy and Long, and rejected the package addressed to Kneibler because he no longer worked at OSH.[3] The OSH address is 500 State Hospital Drive, Osawatomie, KS 66064; no individual defendant resides there. Evans was not authorized to accept service on behalf of any individual defendant.

Through affidavit, Kneibler states that on March 22, 2008, he found an envelope, addressed to his residence, in the mailbox of his residence. The envelope contained a summons and copy of the first amended complaint but bore no postmark.

OSH seeks to dismiss plaintiff's claims for lack of subject matter jurisdiction. The individual defendants seek to dismiss plaintiff's claims for insufficient service of process.

## Analysis

**I.    Plaintiff's Claims Against Osawatomie State Hospital**

OSH argues that the Court should dismiss plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction. Specifically, OSH argues that it is entitled to sovereign immunity under the Eleventh Amendment. The Court agrees.

---

[3] Through affidavit, OSH human resources director Marilyn Williamson states that Kneibler worked at OSH until January 15, 2008. She also states that Dennis worked at OSH until September 20, 2007.

Under the Eleventh Amendment doctrine of sovereign immunity, "nonconsenting states may not be sued by private individuals in federal court." Opala v. Watt, 454 F.3d 1154, 1157 (10th Cir. 2006) (quoting Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001)).  This protection extends to government entities that function as "arms of the state." Ambus v. Granite Bd. of Educ., 995 F.2d 992, 994 (10th Cir. 1993). A valid claim of sovereign immunity implicates the Court's subject matter jurisdiction. See Trans Shuttle, Inc. v. Pub. Utils. Comm'n, 24 Fed. Appx. 856, 858 (10th Cir. 2001) (citing Thompson v. Colorado, 258 F.3d 1241, 1245 (10th Cir. 2001)) (under circuit precedent, claim of Eleventh Amendment immunity challenges district court's subject matter jurisdiction).

In determining whether a government entity functions as an arm of the state, the Court considers the "nature of the entity created by state law." Utah Educ. Ass'n v. Shurtleff, 512 F.3d 1254, 1261 (10th Cir. 2008) (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). Under Kansas law, OSH is designated a state hospital, see K.S.A. § 76-1201, and is subject to the authority and supervision of the Kansas Secretary of Social and Rehabilitation Services, see id. § 76-12a06. Generally, courts of this district have extended Eleventh Amendment immunity to Larned State Hospital, a mental facility similar to OSH. See Boatright v. Larned State Hospital, No. 05-3183-JAR, 2007 WL 2903162, at *1 (D. Kan. Sept. 11, 2007) (Larned State Hospital immune from suit under Eleventh Amendment); Scothorn v. Kansas, 772 F. Supp. 556, 559 (D. Kan. 1991) (Larned State Hospital is state agency which enjoys Eleventh Amendment immunity from state law claims). On this authority, the Court concludes that OSH is an arm of the state and is entitled to sovereign immunity under the Eleventh Amendment. Because the Court lacks subject matter jurisdiction over plaintiff's claims against OSH, it dismisses those claims without prejudice.

**II.     Plaintiff's Claims Against The Individual Defendants**

Dennis, Darner, Kneibler, Egidy and Long argue that the Court should dismiss the complaint under Rule 12(b)(5) for insufficient service of process. Rule 4(e) governs service on individuals and provides that service may be effected by personal delivery, delivery at the individual's dwelling house or usual place of abode to a personal of suitable age who resides there, delivery to the individual's authorized agent, or pursuant to the laws of the State of Kansas. Fed. R. Civ. P. 4(e)(1)-(2). In addition to the methods prescribed by Rule 4(e), Kansas law permits service on individuals "by return receipt delivery . . . addressed to an individual at the individual's dwelling house or usual place of abode and to an authorized agent at the agent's usual or designated address." K.S.A. § 60-304(a). Section 60-304(a) further provides that "[i]f service by return receipt delivery to the individual's dwelling house or usual place of abode is refused or unclaimed, the sheriff, party or party's attorney seeking service may complete service by certified mail, restricted delivery, by serving the individual at a business address after filing a return on service stating the return receipt delivery to the individual at such individual's dwelling house or usual place of abode has been refused or unclaimed and a business address is known for such individual." Id.

On March 21, 2008, plaintiff served the individual defendants by Federal Express addressed to the OSH superintendent's office. The OSH employee who accepted the delivery was not an authorized agent for purposes of service. This method of service clearly does not comply with any provision of Rule 4(e). It also does not comply with Kansas law, which contemplates service at a place of business as a secondary method of service when return receipt delivery to an individual's

-6-

home or authorized agent fails.[4] See Huebner v. Rosen, 81 Fed. Appx. 276, 278-79 (10th Cir. 2003) (district court properly found insufficient service under Kansas law where plaintiff did not attempt to serve defendant at home before serving him at place of business).

On March 22, 2008, plaintiff apparently served Kneibler by depositing the summons and a copy of the complaint in the mailbox of his residence. Again, this method does not comply with any provision of Rule 4(e) or Kansas law. For purposes of Rule 4(e), plaintiff did not deliver the summons and complaint to Kneibler personally, or leave the complaint at his dwelling with a qualified person or with his authorized agent. For purposes of Kansas law, the service was not mailed at all, let alone by return receipt delivery.

Under Rule 4(m), plaintiff must serve defendants within 120 days of filing the complaint. Where plaintiff has not done so, the Court has discretion to grant an extension of the service period in lieu of dismissal. Generally, where the Court finds that service is insufficient but curable, it should quash the service and give plaintiff an opportunity to re-serve defendants. Pell v. Azar Nut Co., 711 F.2d 949, 950 n.2 (1983). An extension of the service period is particularly appropriate where defendant has not been prejudiced by the delay of service and the statute of limitations might bar any refiled action. Mehus v. Emporia State Univ., 295 F. Supp.2d 1258, 12733-74 (D. Kan. 2004) (citing Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995)). On this record, it appears that the deficiencies in service are curable. Moreover, defendants do not argue that they will be prejudiced by an extension of the service period and plaintiff has previously suggested that her action will be time-barred if she refiles it. Therefore, on or before **August 1, 2008**, plaintiff may re-serve the

---

[4] Although Kansas law recognizes that substantial compliance with service of process is sufficient, see K.S.A. § 60-204, plaintiff does not argue that she has substantially complied with Kansas law in this case.

-7-

individual defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.[5]

**IT IS THEREFORE ORDERED** that the Motion To Dismiss By Defendant Osawatomie State Hospital (Doc. #9) filed May 27, 2008 be and hereby is **SUSTAINED**.  Osawatomie State Hospital is dismissed from the case.

**IT IS FURTHER ORDERED** that Defendant Darner And Egidy's Motion To Dismiss (Doc. #11) filed May 27, 2008 be and hereby is **SUSTAINED in part**.  The Court quashes service on Darner and Egidy and grants plaintiff until **August 1, 2008,** to re-serve those defendants under Rule 4 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Motion To Dismiss By Defendants Dennis, Kneibler And Long (Doc. #13) filed May 27, 2008 be and hereby is **SUSTAINED in part**.  The Court quashes service on Dennis, Kneibler and Long and grants plaintiff until **August 1, 2008,** to re-serve those defendants under Rule 4 of the Federal Rules of Civil Procedure.

Dated this 24th day of July, 2008 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge

---

[5] This is the second time that the Court has given plaintiff additional time to serve defendants under Rule 4(m).  On February 19, 2008, the Court granted plaintiff a 31-day extension of the service period after plaintiff did not attempt to serve defendants within 120 days of filing the complaint.  See Order (Doc. #4).  The Court will not be inclined to further extend the time for service.